Filed 1/7/14  P. v. Holloway CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B248989 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA031000) |
| v. | |
| PERVIS HOLLOWAY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles, William C. Ryan, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pervis Holloway appeals from an order denying his motion to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36. (Pen. Code, § 1170.126.)[1] His appointed counsel filed a *Wende* brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436, 441.) On October 18, 2013, we sent letters to appellant and appointed counsel, directing counsel to immediately forward the appellate record and a copy of the *Wende* brief to appellant and advising him that he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, appellant has not responded.

In 1999, appellant was resentenced for a conviction of possession of firearm by a felon under section 12021, subdivision (a)(1), having originally been sentenced in 1995. Because appellant had two prior serious convictions, he was sentenced to an indeterminate life term under the "Three Strikes" law. (§§ 667, 1170.12.)

In November 2012, the voters of this state enacted Proposition 36, which amended the Three Strikes law to limit sentences to current convictions for serious or violent felonies and a limited number of other felonies, unless the offender has a prior strike conviction that falls within one of several enumerated categories. (§§ 667, 1170.12.) The amended Three Strikes law establishes a procedure for qualified inmates serving indeterminate life sentences under the Three Strikes law to seek resentencing under the terms of the amended law. (§ 1170.126.)

On January 8, 2013, appellant petitioned for relief under this provision, seeking recall of his sentence and resentencing to a determinate term sentence. In his petition, appellant argued that his current sentence is not for one of the offenses listed in sections 667 or 1170.12 and is neither serious nor violent. He also argued that his prior convictions, while for sex offenses, do not fall within the enumerated category of "'sexually violent offense' as defined by subdivision (b) of Section 6600 of the Welfare and Institutions" Code because the Welfare and Institutions Code applies solely to juvenile court law and minor victims, and appellant's victim was 31 years old and

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

appellant was 29 years old at the time. In addition, he contended that in his prior conviction, the jury found no force, weapon or fear. Finally, appellant argued that "to deny re-sentencing for any reason is a violation of [appellant's] state and fedreal [sic] equal protection and due process rights."

On March 14, 2013, the trial court, without hearing, determined that appellant was not eligible for recall and resentencing because he suffered a prior conviction under section 667(e)(2)(C)(iv)(I) and denied appellant's petition.

On May 6, 2013, appellant filed a timely notice of appeal.

Courts of Appeal are split on the issue of whether a person who is found to be ineligible for resentencing under section 1170.26 may appeal from an order denying a petition to recall a sentence, and the Supreme Court has granted review to consider the appealability of such an order. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308 [158 Cal.Rptr.3d 446], review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941 [157 Cal.Rptr.3d 315], review granted July 31, 2013, S212017; *People v. Leggett* (2013) 219 Cal.App.4th 846 [162 Cal.Rptr.3d 205], review granted Dec. 18, 2013, S214264.)

We have examined the entire record and have found that no arguable issues of any sort exist. Appellant is not eligible for resentencing under section 1170.126, subdivision (e)(3) because his current indeterminate life sentence is based on his prior disqualifying convictions under section 667(e)(2)(C)(iv)(I).

Section 667(e)(2)(C)(iv)(I) provides: "If a defendant has two or more prior serious and/or violent felony convictions as defined . . . that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) *unless the prosecution pleads and proves any of the following*: [¶] . . . [¶] (iv) *The defendant suffered a prior serious and/or violent felony conviction, as defined in subdivision (d) of this section, for any of the following felonies:* [¶] (I) *A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. . . .*" (Italics added.)

3

Welfare and Institutions Code section 6600, subdivision (b), in turn, provides: "(b) 'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim . . . :  a felony violation of Section 261, . . . [or] 288a . . . of the Penal Code." Here, the abstract of judgment from appellant's 1987 convictions shows that he was convicted of a violation of section 261, subdivision (2), for "forcible rape" and section 288a, subdivision (c), for "forcible oral copulation."  Thus, the trial court properly deemed appellant to be ineligible for a recall of sentence and resentencing.

Appellant is incorrect in asserting that Welfare and Institutions Code generally and section 6600 applies only to juvenile court cases or where the victim is a minor.  To the extent appellant contends that denial of "re-sentencing for any reason" violates state and federal equal protection and due process rights, appellant cites no case for this proposition and we do not find it to be an arguable issue.

We are satisfied that appellant's appointed counsel has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:



ROTHSCHILD, Acting P. J.



JOHNSON, J.

4